Mr. Kuhns, thank you. May it please the court. My name is Kevin Kuhns, and I represent the plaintiff in this case, Mr. Ashoke Deb. This case arises out of Mr. Deb's claim for losses of his personal and household effects in connection with his move from Calcutta, India to St. John's, Newfoundland, when he contracted with an Indian joint venture. And we are seeking to hold the defendants in this case liable for their participation in that joint venture. These are U.S. defendants here. Our case at the district court was short-lived. We got, the district court dismissed us on the grounds of forum nonconvenience, and we are appealing that dismissal today. And our appeal is very focused. There's a two-part inquiry for forum nonconvenience analysis. The first step is to make a determination whether there is an alternative forum that is both available and adequate. The second step is to balance a number of convenience factors that look at both private interests and public interests. We're focused here today on the first step of whether or not there's an available forum to even prosecute our claims against these defendants. In order to have availability, for a forum to be available, there's only one of two ways that that can occur. It's either through the consent of the defendants to be subject to jurisdiction, or alternatively, if they won't consent, that the law of the forum will exercise jurisdiction over those defendants even without their consent. The problem in this case is that there is no evidence in the record of either the defendant's consent or any law of the alternative forums that they would exercise jurisdiction over these defendants here in the U.S. Now, the case that Mr. Debb filed in Canada, it is based on the same set of events, isn't it? Yes, it is. Okay. If it is. Okay. If Mr. Debb collected from Allied Van Lines Canada, oh gosh, could he also collect from the defendants in this case, in a case filed in the District Court of Indiana? I don't think so. There might be a contribution claim, perhaps, between Allied Van Lines Canada and these defendants here if there's that connection. As I understand it, his Canadian case has been stagnant for some time. I'm not even sure that there was service of process on the Canada defendant. That was my next question. What is the status of the litigation? My understanding, Your Honor, is that it has not progressed at all, that there is not service of process over that defendant. Could I ask you something very superficially? How much was this extra charge to ship? It was expressed in rupees. I think it's about $1,500 or so is my understanding. I don't know the conversion rates at the time and all that. I mean, that's a lot. I don't know how much was being shipped, but look what we're going through here. And the stuff has been auctioned and sold, and so all we're looking at is possible damage, and then that's got to be proven in hindsight. This is really a tough situation, and I guess you're stuck with the case and trying to look at three forms, and this one's dismissed without prejudice. So I guess you can come back, and if for whatever reason it can't be litigated in India, but that would cost, what, huge. To litigate in India? I mean, so yeah. And that's where it all happened. That's what I guess is my only frustration is that, you know, if that property was really that valuable, then you got to get stuck with the shipping, and I can understand how that's extortion and fraud and all kinds of other things. That's too bad. Sure. In response to the question about being dismissed without prejudice, there is a concern that the defendants have raised statutes of limitation as part of their defense. They raised that in their motion to dismiss below, and if we're dismissed without prejudice, we can refile, but there is no condition that the district court put on the dismissal, like other cases have done, that the defendants waive statutes of limitations defenses. Tell me this. How can you simultaneously claim that Allied Van Lines is a part owner of Allied Lemure, and so, you know, thus responsible for the alleged tort here, but also simultaneously claim that Allied Van Lines was not doing business in India? Well, my understanding, Your Honor, is that the Allied Van Lines was simply a passive investor. It contributed capital to this joint venture, and it's just unknown, because no Indian law was presented to the district courts, unknown whether or not India would even assert jurisdiction over a passive investor in a joint venture. It may, it may not. We just don't know. The reason for our appeal is that neither evidence of consent nor evidence of the law of India or Canada, for that matter, were presented to the district court. She just made that finding on that assumption, and it needs to be more than just an assumption in order to protect Mr. Debb's rights to pursue his claims against the defendants. Oh, my. So, Mr. Coons, what's your position now on why we can't look at Canada in this case? The reason why we can't look at Canada, first of all, the defendants never really raised that. It's their burden in a for nonconvenience motion to raise that. They never raised it, except to say in a one-liner, to back up here. They raised a number of grounds in their motion to dismiss, including 12B6, Rule 19, and one of them was they asked for Colorado River abstention, based on the Canadian case. But that's a different analysis, because in the Colorado River doctrine, you apply the doctrine of abstention if there are substantially similar parties, and here we don't have substantially similar parties. They're actually, I mean, they're different parties, and that's the standard under the for nonconvenience analysis, is that the actual parties in this case have to be subject to jurisdiction in the alternative forum. So, what they did is they said, they made the Colorado River doctrine argument, and then when they came to their for nonconvenience argument, simply said, in the alternative, Canada's a good forum too, see our analysis up there. And that was the extent of their argument on Canada. And when it came to the district court judge's ruling, she simply said in one line that Mr. Debb had not argued that Canada was an improper forum. That's not the standard, nor was it our burden to argue the improper forum when the defendants hadn't even raised that issue. There was no discussion of the balancing factors of the private and public interests. So, I see I'm into my rebuttal time now, but we would ask the court to reverse the district court's dismissal of unformed nonconvenience grounds. Thank you. Thank you, Mr. Coons. Ms. Penninger. Good afternoon, Your Honors. My name is Stephanie Penninger, and I represent the appellees, Survey Inc. and Alley Van Lines Inc., defendants below. We are here today to address a forum nonconvenience dismissal and the right of defendants to have their case heard in an appropriate forum best equipped to apply the laws of that country to citizens of that country, where the evidence is located, where the witnesses reside and can be compelled to testify at trial, and where the transaction that precipitated the lawsuit transpired. Now, the main point of Debb's argument seems to be the defendant here had the burden of producing evidence that jurisdiction would be available in India, yet you did not do so. Can you point me to where in the record you produced or cited any evidence that India would have jurisdiction? Your Honor, the burden of persuasion is on the defendants in this case. However, it is also the burden of the plaintiff to present evidence to substantiate allegations. And in this case, the court correctly found, with the benefit of the entire record and the briefing of the parties, and considering the law of India, that's a matter of public record, that based on Mr. Debb's joint venture theory, that if it were the case, that first threshold question, if it were determined that they would be able to exercise jurisdiction over Serva and Alley Van Lines Inc. Look, there's not a single citation to evidence in the record in which the district court could base a finding that I can find, but maybe if you could find or tell me, you know, I'd be grateful. Well, the evidence, what happened was, is Mr. Debb never challenged the ability of the courts in India to exercise jurisdiction over the defendants. His focus of the argument was on the adequacy and the private and public interest factors, which all heavily weighed in favor of having the case tried in India. And because of that, that argument was actually waived and not, it was not an issue in the court below. There was, the law before the court was that these, assuming the joint venture liability could be exercised against Alley Van Lines and Serva, then that question would best be determined in India because, as Mr. Debb consented, the laws of India are applicable in this case under the Indiana Choice of Law Doctrine, and all of the witnesses and all the evidence are located in India that would need to be considered by the court in order to make that determination. It's undisputed that the private and public interest all weighed in favor of Mr. Debb, I mean, in favor of having the case tried in India because that's where Mr. Debb is a citizen and that's where the witnesses are located. The goods that the dispute is over never actually left India, so the case actually began in India and it ended in India and it should proceed in India. On page 19 of your brief and in the appendix, you cited to Section 20 of the Indian Code of Civil Procedure 1908, but it doesn't seem that that was part of the record in the district court. Is that a brand, that's a brand new, whatever. Your Honor. Yes or no, oh please, help me. Yes, Your Honor. Okay. It was brand new, however, there's nothing on the record to suggest that the court did anything other than consider Indian law of public record and reaching its conclusion that... Are you saying that she took judicial notice of all Indian law, is that what you're saying? She found that the two factors that have to be satisfied to determine availability would be amenability to process and that Alley v. Alliance and Survey Inc. would be subject to jurisdiction in India. And she found that, correctly, that both of those factors were met, that the amenability... Both of those factors were... Were met because... Were met, okay. Yes, because in the event, applying Indian law in India, it was determined that Alley v. Alliance and Survey Inc. were joint venturers of Allied Lemur. Then presumably, in all likelihood, in all likelihood, those courts would be able to exercise jurisdiction over the defendant and would be able to exercise service of process because the defendants would have been sufficiently doing business in that country. And that's in addition to the availability of Canada, where Mr. Dubbs already conceded to availability by filing a similar lawsuit there. I'm not even sure that the question of Canadian jurisdiction was raised below. Well, the fact that... I mean, you know, there's absolutely nothing in the record or the briefing. You know what? There's so little in the record and the briefing that tells us anything about this suit. It's very... This is really difficult for... Well, for me, I don't know about my brothers. Well, Judge, the standard of review here is a clear abuse of discretion. And the district court exercised its wide discretion based on the entire record in applying the law to the facts and correctly found that the courts would be able to exercise jurisdiction, presumably, if it was... That initial threshold determination was made of joint venture, whether the defendants were joint ventures of Allied Lemur. And the fact that Allied Lemur, a foreign... An Indian company is actually located in India would be another... The court correctly found that the courts would be able to exercise jurisdiction over Allied Lemur as well. And secondly, the court correctly determined that... Or correctly dismissed the case without prejudice, which would enable Mr. Dubb, presumably, to bring the case back before the Southern District in the event that the correct court couldn't exercise jurisdiction over the culpable party, Allied Lemur, for some reason, or in the event that it was determined that the courts could not exercise jurisdiction over Cerva, Inc. and Allied B and Lines, Inc. It appears to me there's no convenient forum, period. There's no what, dear? No convenient forum. Oh, dear. I mean, what are you going to do in the Southern District of Indiana when there's no witnesses and no culprit and no nothing, and it's way out of any subpoena range? I guess the way I look at this is that maybe Canada, because there's people there, but try this case in India? I mean, nothing... No amount of property is worth that. Oh, I don't know about that. Well, maybe he had... Didn't he have some inventions and some other things? Or maybe I should ask him. The loss would have to be really extreme. Well, the value of the property is an open question, and it's not in the record before the court. But our position was that it was only worth what was declared for insurance purposes in the shipping documents, which would have amounted to just under $2,000 U.S. dollars. But you're correct that there is absolutely no interest in Indiana deciding the case, let alone the United States, because the only tie to Indiana is the fact that Allied B and Lines happens to have an office there. Meanwhile, you've got another case already pending, arising out of the same facts, pending in Canada, and then you've got all of these ties to India, and you've got Indiana law that needs to be applied, and who would be best to apply the Indian law in deciding to all the facts which are located in India other than Indian courts? You don't have to answer this question. You don't have to answer it. But did you all try to settle this? Oh, I wish I were on the district court. Maybe we should designate Jennifer to come back for one case. Come on, come on back. But, Your Honor, you did raise the issue of evidence on the record, but there is absolutely no evidence of unavailability that either of these two adequate and alternative jurisdictions would be adequate in any way to decide the case before us. And the standard of review here is clear abuse of discretion. If not, according to some of the other jurisdictions, or it's definitely abuse of discretion in the Seventh Circuit. Other circuits suggest it could go as far as clear abuse, which is a very high standard. We just don't have sufficient evidence from Mr. Dubb to show that the judge did not carefully consider the factors of foreign nonconvenience and come out with a reasoned conclusion. I see my time is up. We ask that you affirm the decision dismissing based on foreign nonconvenience. Thank you. Thank you. Briefly, to respond to or follow up, I think, on Judge Roebner's question about where in the record, I think that's the crux of this problem with appeals, that there is no evidence in the record. And to respond to Ms. Penninger's point that she claimed that Mr. Dubb never challenged the availability, that simply isn't so. And I would direct the court's attention to page 60 of Appendix B, which is where he stated that there was no evidence in the record that they were available, that they were subject to jurisdiction in India. And I don't know what more you can say besides that it was their burden to prove that, that there's no evidence. Then to follow up on the last question about the value of the property, I would remind the court that this started out in Indiana State Court, and we did allege a substantial amount of value that was lost in, as you suspected, Your Honor, some intellectual property work papers that were amongst his belongings. And the defendants removed this case to federal court based on diversity jurisdiction, and asserting that the amount of controversy was more than $75,000. But again, because there was no evidence in the record of consent, or law of form with exercise of jurisdiction, we ask this court to reverse. Thank you. Thank you, Mr. Coors. Thank you, Ms. Penninger. The case is taken under advisement.